# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INVESTORS SAVINGS BANK,** | Civil Action No. 11-2757 (JAP) |
| Plaintiff, | |
| v. | |
| **WHEATSHEAF BY FENIX, LLC, et al.,** | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This matter comes before the Court by way of Plaintiff Investors Savings Bank's ("Plaintiff")
motion to amend the Complaint and remand the action to state court [Docket Entry No. 16].
Defendants oppose the motion. [Docket Entry No. 19].  The Honorable Joel A. Pisano, U.S.D.J.,
referred the motion to remand to the undersigned for Report and Recommendation pursuant to 28
U.S.C. § 636(b)(1)(B).   Based on the reasons set forth below, the undersigned respectfully
recommends that Plaintiff's motion to remand be granted, and denies the motion to amend without
prejudice.

## BACKGROUND

This action arises out of a defaulted construction loan made by Plaintiff  to Wheatsheaf by
Fenix, LLC ("Wheatsheaf"), and its guarantors, Michael Wheeden ("Wheeden"), Kent Aitchison
("Aitchison") (Wheatsheaf, Wheeden, and Aitchison are hereinafter collectively "Defendants") and
Patrick O'Neill ("O'Neill").  McCarthy Cert. ¶2. [Docket Entry No. 16-1].

The parties signed original loan documents (the "Original Loan Documents") on or about
April 7, 2008, and Defendants and O'Neill subsequently defaulted.  Complaint ¶¶5-11 [Docket Entry
No. 1-2].  Defendants notified Plaintiff that because of material adverse changes in their financial

conditions, in part because of alleged fraudulent actions taken by O'Neill,  they would not be able to meet their obligations.  Complaint ¶12. Defendants requested to negotiate modified loan terms, to which the parties agreed, as set forth below.  *Id.*  Plaintiff further agreed to release O'Neill from future obligations and entered into a Limited Release of Claims Against O'Neill (the "Release"), with the consent of Defendants.  Ex. A to McCarthy Cert. [Docket Entry No. 16-2].  The Release barred Plaintiff from filing suit against O'Neill for any action arising out of the Original Loan Documents. *Id.*  Plaintiff reserved the right, however, to seek indemnification and contribution from O'Neill, should certain parties, including Defendants, sue Plaintiff on the basis of O'Neill's alleged actions or inactions with regard to the Original Loan Documents.  *Id.*

The terms of the modification were memorialized in the Forbearance Agreement and related documents that were executed on March 26, 2010.   Complaint ¶12. Pursuant to the terms of the Forbearance Agreement, the parties signed a Modification Agreement, Amended and Restated Loan Agreement, Amended and Restated Construction Mortgage Note, Amended and Restated Pledge and Security Agreement, Amended UCC Financing Statement, and Amended and Restated Guaranty of Payment and Completion (the "Amended Loan Documents").  *Id.* ¶¶12-21.

The Forbearance Agreement summarizes the terms of the Amended Loan Documents, such as the amount of principle owed and the date the loan is due, and sets forth the actions Plaintiff may take should Defendants default on the modified terms.  *See* Forbearance Agreement pp. 8, 9, 11, 29, 13 and 30, Ex. B to McCarthy Cert. [Docket Entry No. 16-3].  It expressly integrates the terms of the Amended Loan Documents: "This [Forbearance] Agreement and the Loan Documents, as modified by this [Forbearance] Agreement, shall constitute the full, entire and integrated agreement between the parties hereto with respect to the subject matter hereof and supersedes all other oral and

written prior negotiations, correspondence, understandings and agreements among the parties hereto respecting the subject matter hereof." *Id.* ¶15(b). The Forbearance Agreement further contains a forum selection clause, electing that "all suits . . . relating to, arising out of, or in connection with the Forbearance Agreement shall be submitted to the jurisdiction of the courts of the State of New Jersey." *Id.* ¶8.

On March 30, 2011, Plaintiff filed a complaint against Defendants in New Jersey Superior Court, alleging that Defendants were in default under the provisions of the Amended Loan Documents. Complaint ¶ 24; Ex. C ¶8 to McCarthy Cert., [Docket Entry Nos. 16-1 and 16-3]. On May 11, 2011, Defendants removed the action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that this Court has diversity jurisdiction.[1] *Id.* ¶¶10-11. Defendants filed their Answer on June 1, 2011, with affirmative defenses and counterclaims. [Docket Entry No. 7]. Plaintiff answered the counterclaims, and on July 20, 2011 requested leave of court to file a motion to amend the Complaint to add O'Neill as a party defendant [Docket Entry Nos. 10 and 12], which Defendants opposed. [Docket Entry No. 13].

Plaintiff subsequently filed the motion to remand and amend the Complaint on August 12, 2011. [Docket Entry No. 16]. Plaintiff requests that it be granted leave to amend the Complaint to add O'Neill as a party defendant, for indemnification and contribution. Plaintiff argues that because O'Neill is a resident of New Jersey, diversity jurisdiction would be defeated, providing a basis to remand. *Id.* ¶¶ 4, 15. Plaintiff also argues that the forum selection clause in the Forbearance Agreement controls, requiring the case to be remanded to state court. McCarthy Cert. ¶¶6, 18

---

[1]There is no dispute before this Court as to whether the parties were diverse for purposes of removal.

Defendants argue that the amendment should be denied as Plaintiff's only purpose in adding O'Neill is to defeat diversity jurisdiction, and is therefore against the interest of justice. Defendants' Brief in Opposition to Plaintiff's Motion to Amend and to Remand ("Defendants' Brief") at 4-8. Defendants also argue that the forum selection clause does not apply in this case, as their counterclaims arise solely out of the Loan Documents or the Original Loan Documents, which do not contain a forum selection clause. *Id.* at 8-9.

## DISCUSSION

### I. Motion to Remand Based on the Forum Selection Clause

Federal common law governs in cases where a federal court must determine whether a forum selection clause is enforceable. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). Under federal law, a forum selection clause should be enforced unless there is a "strong showing that it should be set aside," and the party challenging the clause bears the burden of showing otherwise. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Courts will enforce a forum selection clause unless the objecting party establishes:

> (1) that it is the result of fraud or overreaching, (2) the enforcement would violate strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).

Defendants challenge the forum selection clause in the instant case, and therefore it is their burden to demonstrate to the Court that the clause should not be enforced. Defendants argue that the Forbearance Agreement does not govern their counterclaims because any alleged default would arise from the Amended or Original Loan Documents, not the Forbearance Agreement. They further

4

assert that none of the Amended or Original Loan Documents contain a forum selection clause, and therefore the clause is unenforceable in the present case.[2]

Defendants rely exclusively on *Corcovado Music Corp. v. Hollis Music, Inc.*, 981 F.2d 679 (2d Cir. 1993), in support of their argument. The Second Circuit in *Corcovado* held that when a party fails to assert any rights under the contract containing the forum selection clause, the clause cannot be enforced. *Corcovado*, 981 F.2d at 682. In *Corcovado*, the plaintiff brought claims alleging copyright infringement, and the defendants asserted defenses that implicated contracts containing forum selection clauses. *Id.* The plaintiff was not a party to the contracts, asserted no rights under the contracts, and did not raise any contractual disputes in his complaint. *Id.* Therefore, the court held that the forum selection clauses could not be enforced. *Id.* at 683.

The Court finds that Defendants' reliance on *Corcovado* is misplaced. First, their argument that their counterclaims invalidate the forum selection clause is not supported by the Second Circuit decision. On the contrary, *Corcovado* stands for the proposition that the complaint, not a responsive pleading, determines whether a forum selection clause applies. Second, unlike in *Corcovado*, in the present case, Plaintiff's claims directly arise out of a contract with Defendants. Under the terms of the Forbearance Agreement, which Defendants do not dispute they signed, the full agreement between the parties incorporates the terms of the Amended Loan Documents and integrates them with the terms of the Forbearance Agreement. Forbearance Agreement ¶15(b). Additionally, the Forbearance Agreement sets forth, in detail, the modifications to the Original Loan Documents, such as the new principle amount and what actions Plaintiff may take should Defendants default under

---

[2]Interestingly, neither party provided the Court with a copy of the Original or Amended Loan Documents, only the Forbearance Agreement.

the modified loan terms.  *See* Forbearance Agreement ¶¶ 4, 13.

To the extent Defendants argue that the forum selection clause applies only to the Forbearance Agreement and not to the various related loan documents, that argument is belied by the express language of the Forbearance Agreement itself.  While paragraph 8 of the Forbearance Agreement contains the forum selection clause, paragraph 15(b) makes clear that the various loan documents and the Forbearance Agreement are integrated.   Forbearance Agreement ¶15(b). Paragraph 15(j) additionally provides that the terms of the Forbearance Agreement "shall supercede any terms of the Loan Documents, as modified and amended by the Amended Loan Documents . . . which are conflicting, contrary or inconsistent with the terms hereof . . . ."  *Id.* ¶15(j).  Lest there remain any doubt, however, paragraph 13, which is entitled "Remedies Upon Default," provides in relevant part that:

> Upon the occurrence of an Event of Default after the expiration of any notice and right to cure periods, ISB may, in its sole and absolute discretion, do any one or more of the following without prior notice to the [Defendants]:
>
> . . .
>
> c.     Immediately institute proceedings in the Superior Court of New Jersey, Law Division against the [Defendants] for monetary damages to recover the Loan Amount due pursuant to the terms of the Loan Documents, as modified and amended by the Amended Loan Documents . . . .

Id. ¶13(c).

Accordingly, this Court recommends that there be a finding that the forum selection clause in the Forbearance Agreement governs the dispute at issue.  The only remaining question is whether the forum selection clause is invalid or unenforceable for any reason.

Defendants offer no facts that suggest the Forbearance Agreement did not represent the integrated agreement between the parties.  *See Coastal Steel Corp.,* 709 F.2d. at 202.  Defendants

6

also fail to make any showing that the clause was the result of fraud or overreaching, that the enforcement would violate public policy of this Court, or that enforcement would result in litigation in a jurisdiction so inconvenient to be unreasonable. *Id.* Therefore, the undersigned recommends that the Court find that Defendants have failed to meet their burden to show that the forum selection clause should be set aside.

**II. Motion to Amend**

Plaintiff seeks to join New Jersey resident O'Neill as a party defendant for indemnification and contribution purposes. The Court denies the motion to amend as premature pending the District Court's decision on this Report and Recommendation to remand the case for the reasons set forth above.  Plaintiff may re-file its request to amend should this Court retain jurisdiction.

<u>**CONCLUSION**</u>

For the reasons set forth above, and for good cause shown.

**IT IS**  on this **2nd** day of **February, 2012**,

**ORDERED** that Plaintiff's motion to amend is **DENIED** without prejudice; and it is further

7

**RECOMMENDED** that Plaintiff's Motion to Remand [Docket Entry No. 16] be

**GRANTED** for the reasons stated above.  Pursuant to Local Civil 72.1(c)(2), the parties have

fourteen days from the date of this Report and Recommendation to file and serve objections to

the proposed findings and recommendations.

**LOIS H. GOODMAN**
**United States Magistrate Judge**